IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JACOBY D. MOODY, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:20-CV-855-RAH-SMD |
| WARDEN GORDY, et al., | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Jacoby Moody, an inmate formerly in the custody of the Alabama Department of Corrections, filed this action under 42 U.S.C. § 1983. Doc. 1. On March 30, 2021, the Court quashed service on Defendant Dennis Brown who had not been served with the Complaint and ordered Plaintiff to furnish a correct address for this individual. Doc. 18. Plaintiff was cautioned that a failure to provide a correct service address for Defendant Brown would result in this defendant not being served and he would therefore not be a party to this case. *Id.* at 2. To date, Plaintiff has failed to serve Defendant Brown or otherwise comply with the March 30, 2021, Order.

Plaintiff's claims against Defendant Brown are due to be dismissed under Federal Rule of Civil Procedure 4(m). Rule 4(m) requires that a defendant be served within 90 days of the filing of a complaint or else be dismissed without prejudice. Fed. R. Civ. P. 4(m). Here, Plaintiff's 90-day time period for serving Defendant Brown expired on December 7, 2020. The undersigned finds nothing in the record warranting an extension of Plaintiff's

time for serving Defendant Brown.[1] Accordingly, Plaintiff's claims against Defendant Brown are due to be dismissed under Rule 4(m), Federal Rules of Civil Procedure.

Alternatively, Plaintiff's claims against Defendant Brown are subject to dismissal for Plaintiff's failure to prosecute and comply with this Court's orders. A federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute or obey a court order. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); FED. R. CIV. P. 41(b). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

---

[1] Under the circumstances of this case, the Court concludes that the running of the applicable limitation period during the pendency of this action does not warrant an extension of the time for service. *See Boston v. Potter*, 185 F. App'x. 853, 854 (11th Cir. 2006) ("While the running of the limitations period is a factor the district court may consider in determining whether to dismiss a complaint under Rule 4(m), the district court is not required to give this controlling weight."); *Grier v. Lee Cnty. Comm'n*, No. 3:16-CV-931-SRW, 2019 WL 919005, at *4 (M.D. Ala. Feb. 25, 2019) (quotation marks and citation omitted) ("To excuse Plaintiff's failure to comply with Rule 4(m) at this juncture would permit the exception to swallow the rule, and would be inconsistent with the purpose of the civil rules, which is to secure the just, speedy, and inexpensive determination of every action and proceeding.).")

In this case, the Court repeatedly advised Plaintiff of his responsibility to provide a correct address for service and to perfect service on all named defendants. *See* Doc. 8, pg. 4, ¶7(h); Doc. 18. Moreover, the Court cautioned Plaintiff that a failure to perfect service on a named defendant would result in a dismissal of that defendant. *Id*. Because of Plaintiff's failure to comply with the Court's orders, the undersigned finds that sanctions lesser than dismissal would not suffice. Accordingly, Plaintiff's claims against Defendant Brown should be dismissed for failure to prosecute and comply with this Court's orders.

For these reasons, the Magistrate Judge RECOMMENDS that Plaintiff's claims against Defendant Brown be DISMISSED without prejudice under Federal Rule of Civil Procedure 4(m). Alternatively, the Magistrate Judge RECOMMENDS that Plaintiff's claims against Defendant Brown be DISMISSED without prejudice for failure to prosecute and comply with this Court's orders.

It is ORDERED that by **October 5, 2023**, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon

grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Resol. Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 21st day of September, 2023.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF UNITED STATES MAGISTRATE JUDGE